ROBERT F. WHITE, Respondent, v. ISAAC M. TWITCHINGS, Appellant.

*Broker — he cannot recover commissions unless he was the procuring cause of the sale.*

The plaintiff, a broker, who was employed to sell a house for the defendant, procured an offer of $5,000 which he advised the defendant not to accept. Subsequently the defendant himself negotiated a sale at an advanced price to the same person who had made the first offer.

*Held*, that the plaintiff was not entitled to recover his commissions upon the sale.

APPEAL by the defendant from a judgment, entered on the report of a referee.

The plaintiff, a real estate broker, brought this action to recover the amount of his commissions for effecting the sale of a house and lot belonging to defendant.

The property was placed in plaintiff's hands for sale some two years prior to the sale. On the 7th day of April, 1879, the plaintiff informed the defendant that a Mrs. Ferris would buy the house at $5,000. This offer was declined. On the twenty-third or twenty-fourth day of May the defendant closed the bargain with Mrs. Ferris for $5,300.

*John H. Clayton*, for the appellant.

*Caleb Griffin*, for the respondent.

GILBERT, J.:

Neither the facts found by the referee nor the evidence is sufficient to sustain the judgment in this case. The employment of the plaintiff as a broker is conceded. That employment was to effect the sale of a house and lot of the defendant. He procured an offer of $5,000 for the property which he advised the defendant not to accept. Subsequently the defendant himself negotiated a sale at an advanced price to the same person who made the offer. For such service, however meritorious, a broker is not entitled to recover. In *Sibbald* v. *Bethlehem Iron Company* (83 N. Y., 378) the Court of Appeals held that a broker is not entitled to commissions for unsuccessful efforts, even though after the failure and termination of his agency what he has done proves of use and benefit to his principal. The principal violates no right of the broker by afterwards selling to the first parties asked, even though it be the party with whom the broker was negotiating.

In *Wylie* v. *Marine National Bank* (61 N. Y., 415) it was held that when the broker opens negotiations, and failing to bring the customer to the specific terms abandons them and the employer subsequently sells to the same person at the price fixed, he is not liable to the broker for his commissions. It has been repeatedly held in cases of this kind that to entitle a broker to his commissions he must prove that he was the procuring cause of the identical contract of sale.

Judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment of County Court reversed and new trial granted, costs to abide event; order of reference vacated.